## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

YENI PONCE AGUIRRE,                    )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )          Case No. 21-2058-JAR-ADM
                                       )
UNITED STATES CITIZENSHIP              )
AND IMMIGRATION SERVICES,              )
                                       )
                    Defendant.         )

## REPORT AND RECOMMENDATION

The court ordered Plaintiff Yeni Ponce Aguirre to show cause in writing by May 17 why the court should not recommend that her case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) because more than ninety days have passed since she filed her complaint, and the docket does not show that she has executed service on Defendant United States Citizenship and Immigration Services ("USCIS").   (ECF 3.)   Ponce Aguirre did not respond by the May 17 deadline and has taken no action in her case since that time.   As explained below, the court recommends that the district judge dismiss this case without prejudice pursuant to Rule 4(m). Further, if Ponce Aguirre objects to this Report and Recommendation by advancing arguments that she should have raised in the first instance in response to the show-cause order, the court recommends that the district judge refer the matter back to the undersigned for further disposition and evaluation as to whether to vacate this Report and Recommendation.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."   FED. R. CIV. P. 4(m).   The

1

court may extend the time for service if the plaintiff shows good cause for the failure.  *Id.*   In evaluating a plaintiff's failure to timely effect service, the court applies a two-step inquiry.  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).   First, the court determines whether a plaintiff has shown good cause for the failure to timely serve and, if so, then the court must grant an extension of the deadline for service.  *Id.*   But if a plaintiff "fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted."  *Id.* "At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service."  *Id.*; *see also* FED. R. CIV. P. 4(m) advisory committee's note to the 1993 amendment (noting the rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown").

At the first step of the analysis, the court will not grant a mandatory extension because Ponce Aguirre has not shown good cause for failing to timely serve the USCIS.  She did not respond to the show-cause order.  Consequently, she has not set forth any circumstances from which the court could find good case to justify an extension of the deadline for service.  *See Hornbeck v. Doe*, No. CIV-14-276-W, 2015 WL 3440223, at *3 (W.D. Okla. May 27, 2015) (plaintiff did not show good cause by failing to timely respond to a show-cause order); *see also Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (plaintiff must show good cause)*; Value Place Franchise Servs., LLC v. Hugh Black-St. Mary Enterprises, Inc.*, No. 14-1152-DDC-KGS, 2015 WL 225790, at *3 (D. Kan. Jan. 16, 2015) ("Plaintiff bears the burden of showing good cause for failing to obtain service.").

Turning to step two, the court also finds that a permissive extension is not warranted.   In making this determination, the court may weigh a variety of policy considerations, including whether the applicable statute of limitation would bar the refiled action and whether the plaintiff

2

tried but failed to effect service on the defendant.   *Espinoza*, 52 F.3d at 841; *see also Forzani v. Peppy Prod.*, No. 18-CV-01715-RM-KLM, 2018 WL 5845051, at *4 (D. Colo. Nov. 8, 2018) (collecting cases considering other a variety of other factors), *report and recommendation adopted as modified*, No. 18-CV-01715-RM-KLM, 2018 WL 6791100 (D. Colo. Dec. 3, 2018).   Ponce Aguirre brings a claim under the Administrative Procedures Act ("APA") in which she asserts that the USCIS acted arbitrarily and capriciously in denying her application for an employment authorization in October 2020.   (ECF 1, at 5.)   If the court were to dismiss this case without prejudice, it should not implicate the applicable statute of limitation because Ponce Aguirre could refile the case within the six-year statute of limitation set forth in 28 U.S.C. § 2401 that generally applies to suits under the APA.   *See Chem. Weapons Working Grp., Inc. (CWWG) v. U.S. Dep't of the Army*, 111 F.3d 1485, 1494 (10th Cir. 1997).   But, even if the statute of limitations would bar a subsequent action, the court would still recommend that the case be dismissed because of Ponce Aguirre's inaction in this case.   Nothing in the record suggests that she has taken any action in this case since she filed it on February 2, including undertaking any efforts to effect service or respond to the court's show-cause order.

Accordingly, the court recommends that the district judge dismiss this case without prejudice pursuant to Rule 4(m).   If Ponce Aguirre objects to this Report and Recommendation by advancing arguments that she should have raised in the first instance in response to the show-cause order, the court recommends that the district judge refer this matter back to the undersigned for disposition and evaluation as to whether to vacate this Report and Recommendation.

\* \* \* \* \*

Ponce Aguirre may file specific written objections to this report and recommendation within fourteen days after being served with a copy.   *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P.

72(b)(2); D. KAN. RULE 72.1.4(b).  If she fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

Dated May 20, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge